

3

Law Offices of Peter L. Fear
Peter L. Fear, No. 207238
Gabriel J. Waddell, No. 256289
7750 North Fresno Street, Suite 101
Fresno, California 93720
(559) 436-6575
(559) 436-6580 (fax)
pfear@fearlaw.com

Attorney for Debtor APARICIO

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA - FRESNO DIVISION

| | |
|---|---|
| In re:<br><br>RUBEN APARICIO and<br>ELAMA APARICIO,<br><br>        Debtor(s). | Case No. 09-60145-B-13<br><br>Chapter 13<br><br>D.C. No. PLF-1<br><br>Date:  March 11, 2010<br>Time:  1:30 pm<br>Place: Dept. B, Ctrm. 12, 5th Floor<br>         United States Courthouse<br>         2500 Tulare St., Fresno, California<br>Judge: Hon. W. Richard Lee |

**MOTION TO VALUE COLLATERAL OF BAC HOME LOANS SERVICING, LP AS SERVICER FOR OR SUCCESSOR TO COUNTRYWIDE HOME LOANS, INC. FOR PURPOSE OF STRIPPING LIEN OF BAC HOME LOANS SERVICING, LP FROM REAL PROPERTY LOCATED AT 1643 S. HOPE AVE., REEDLEY, CA 93654 (<u>In re Lam</u> Motion)**

The Debtor hereby moves for entry of an order valuing collateral of BAC Home Loans Servicing, LP as servicer for or successor to Countrywide Home Loans, Inc. (collectively, "Creditor") described as real property located at 1643 S. Hope Ave., Reedley, CA 93654 (the "Collateral"). Debtor's opinion of the Collateral's value is $135,000. Debtor's purpose in valuing the collateral is to treat the claim of Creditor as completely unsecured and to strip that lien from the real property described above. If the Debtor successfully completes the Plan,

Motion to Value Collateral (etc.) - 1

Creditor will be obligated to take whatever action is necessary to remove Creditor's lien from the Collateral. This Motion is based on the Notice of Motion and the Declaration of RUBEN APARICIO filed herewith, and on the contents of Debtor's Schedules and Statement of Affairs and the following points and authorities:

1. This case was commenced by the filing of a voluntary petition for relief under Chapter 13 of the Bankruptcy Code on October 21, 2009.

2. Debtor owns real property located at 1643 S. Hope Ave., Reedley, CA 93654 (the "Collateral") which is legally described as follows:

> All that certain parcel of land situated in the City of Reedley, County of Fresno, State of California, being known and designated as Lot 25 of Tract No. 2381, Gary Manor No. 2, in the City of Reedley, County of Fresno, State of California, according the map thereof recorded in Book 26, Page 98 of Plats, Fresno County Records.
>
> A.P.N. 365-153-16

3. Debtor's opinion of the value of the Collateral, as defined and limited by 11 U.S.C. § 506, is $135,000.

4. Creditor holds a junior deed of trust on the Collateral with an approximate principal balance of $25,632.35.

5. The lien(s) on the collateral senior to Creditor's lien, in order of priority, are as follows:

    a. Countrywide. Debtor estimates that $193,482.23 is owed to this senior lienholder.

6. For these reasons, there is no equity in the Collateral available to satisfy Creditor's security interest. Consequently, Creditor's claim is completely unsecured.

7. In <u>In re Lam</u>, 211 B.R. 36 (9th Cir. BAP 1997), the Court held that a mortgage that is wholly unsecured may be "stripped off" and treated as an unsecured claim in a Chapter

13 bankruptcy case. In In re Zimmer, 313 F.3d 1220 (9th Cir. 2002), the Ninth Circuit agreed with the conclusion in Lam, holding that the anti-modification provision of 11 U.S.C. § 1322(b)(2) does not apply to a wholly unsecured mortgage.

8. The Debtor has proposed a Chapter 13 Plan that relies upon the value stated herein for the collateral. Specifically, Debtor's Plan treats Creditor's claim as a general unsecured claim.

9. 11 U.S.C. § 1325(a)(5)(B)(i) provides that each holder of an allowed secured claim shall retain the lien securing such claim until the earlier of payment of the underlying debt or discharge under section 1328. While there may be some question as to whether Creditor's claim is considered a "secured claim" for purposes of Section 1325(a)(5)(B)(i), Debtor at this time is asking only for a judicial determination as to the value of the Collateral. The Plan in this case provides that Creditor's claim shall be treated as an unsecured claim and the purpose of this motion is to obtain a judicial determination of the value of the Collateral. As soon as Debtor's discharge is entered, Creditor will no longer have a security interest in the collateral. If Creditor does not voluntarily release its security interest in the Collateral at that time, Debtor will bring an action to enforce the Plan and Discharge.

WHEREFORE, Debtor requests that Collateral be valued at $135,000 for the purpose of treating the claim of Creditor as an unsecured claim in the Plan and for the purpose of removing the lien of Creditor pursuant to the decision of In re Lam.

Date: 1/28/2010                  LAW OFFICES OF PETER L. FEAR

By: /s/ Gabriel J. Waddell
Gabriel J. Waddell

Motion to Value Collateral (etc.) - 3